IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-cv-7-FL

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) ) | **ORDER** |
| JESUS GUILLERMO MORA, ANDREA NUNEZ, and KAIYA JEWLIET PROCTOR, Defendants. | ) ) ) ) | |

This matter is before the clerk on the request for entry of default filed by plaintiff, The Prudential Insurance Company of America [DE-11], seeking entry of default as to defendant, Jesus Guillermo Mora. For the reasons stated herein, the request is DENIED without prejudice.

Rule 55 of the Federal Rules of Civil Procedure provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Plaintiff correctly states that defendant Mora has failed to file an answer or otherwise appear in this action in this court. Plaintiff must also show, however, by affidavit or otherwise, that defendant was properly served. Without being properly served, a defendant has no obligation to file an answer or appear in this action. See Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."), Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, at *1 (E.D.N.C. Dec. 4, 2013) (explaining that "a defendant's duty to respond to a complaint only arises upon proper service of process" and therefore a "plaintiff must show, by affidavit or otherwise,

that proper service of process has been effected before default may be entered"); see also Fed. R. Civ. P. 12(a)(1)(A).

On the current record, the clerk cannot find that proper service was effected on defendant Mora. Federal Rule of Civil Procedure 4(e) provides that service may be effected on an individual by "following state law for serving a summons . . . in the state where the district court is located or where service is made" or by personally delivering a copy of the summons and the complaint to the individual, leaving them at the individual's home with another resident of suitable age and discretion, or delivering them to an agent authorized to accept service. Fed. R. Civ. P. 4(e)(1), (2). In this case, the summons issued for defendant Mora lists his address as the Cumberland County Jail. See Summons Issued [DE-4] at 1. To show proof of service on defendant Mora, plaintiff filed an affidavit of service of a deputy sheriff for Cumberland County, stating that he obtained service on Mora by serving "CCDC Attorney Booth." Affidavit of Service [DE-9] at 1 (stating he "obtained service by leaving a copy with CCDC Attorney Booth"), at 2 (stating that he "personally served the summons on the individual at CCDC Attorney Booth"). The record does not indicate, however, that CCDC Attorney Booth is authorized to accept service of process on behalf of defendant Mora.

Accordingly, plaintiff's request for entry of default [DE-11] is DENIED without prejudice to renew within 21 days. Any renewed request must explain why leaving a copy of the summons and complaint with "CCDE Attorney Booth" is sufficient to show service of process on defendant Mora under Fed. R. Civ. P. 4(e).

SO ORDERED. This the ___15___ day of May, 2018.

Peter A. Moore, Jr.
Clerk of Court